| | |
|---|---|
| 1 | MCGREGOR W. SCOTT |
| | United States Attorney |
| 2 | CHRISTINA M. McCALL |
| | Assistant United States Attorney |
| 3 | 501 I Street, Suite 10-100 |
| | Sacramento, CA 95814 |
| 4 | Telephone: (916) 554-2700 |
| | Facsimile: (916) 554-2900 |
| 5 | |
| 6 | Attorneys for Plaintiff |
| | United States of America |

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:20-CR-0014 KJM |
| Plaintiff, | STIPLUATION AND PROTECTIVE ORDER |
| v. | |
| BRYAN PAUL TAMBLYN, | |
| Defendants. | |

Plaintiff United States of America ("government"), by and through its counsel of record, and defendant Bryan Paul Tamblyn ("defendant"), by and through his undersigned counsel of record, Megan T. Hopkins, Assistant Federal Public Defender, hereby jointly request, pursuant to Federal Rule of Criminal Procedure 16(d)(1), that the Court approve the parties' stipulation and enter the proposed protective order below ("Protective Order") governing the disclosure by the government of certain documents and materials containing private and sensitive information, including information that relates to and identifies the alleged victims in the investigation, along with the defendant's personally identifying information and employment information. By this stipulation, the parties agree and stipulate as follows:

1. WHEREAS, the defendant is charged in the current complaint with one count of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2).

2. WHEREAS, the government possesses, and in the future may come into possession of,

1  discovery and other materials in this case that contain, among other things, victim-related information,
2  as well as personally identifying information, private financial information, and employment
3  information of the defendant and third parties;
4      3.     WHEREAS, the government wishes to produce and/or make available to the defendant
5  and his counsel the documents and information described above, or similar material that might come
6  into the government's possession in the future, but believes that because of the nature of such documents
7  and information, it is appropriate for the Court to enter a protective order containing the provisions
8  below;
9      4.     WHEREAS, such materials shall be identified as sensitive and subject to a protective
10 order at the time of disclosure, whether on the documents or other materials (e.g., CDs/DVDs)
11 themselves or in an accompanying cover letter;
12     5.     WHEREAS, the parties agree that entry of a stipulated protective order is appropriate,
13 and that a private agreement is not appropriate in light of the nature of the information at issue and the
14 charges in this case; and
15     6.     WHEREAS, the defendant has counsel who wishes the opportunity to review the
16 discovery and other materials; and
17     7.     The parties agree that the ability of defense counsel to adequately advise her client will
18 be enhanced by the approval of this protective order.
19     The government and the defendant, by and through their respective counsel of record, hereby
20 agree and stipulate to a Protective Order with the following provisions:
21     1.     This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of
22 Criminal Procedure, its general supervisory authority, and Local Rule 141.1.
23     2.     Some materials to be provided or made available by the government to the defendant as
24 discovery or out of an abundance of caution relate to, or contain private and sensitive information about,
25 alleged victims and individuals other than the defendant, are not public information, and include, but are
26 not limited to: investigative or agency memoranda or reports; victim or witness statements; recorded
27 interviews; private financial information; and other personally-identifying information; and sensitive
28 victim-related information. Accordingly, these discovery materials and all copies thereof should be

protected from unnecessary dissemination. This information is collectively referred to as the "Protected Discovery."

3. Such Protected Discovery materials shall be identified as being subject to a protective order at the time of disclosure, whether on the documents or other materials (e.g., CDs/DVDs, documents) themselves or in an accompanying cover letter.

4. The Protected Discovery produced or made available by the government pursuant to this Protective Order may be used by the defendant, the defendant's counsel, and any employees or agents of the defendant's counsel solely in the defense of this case and for no other purpose. The Protected Discovery is now and will forever remain the property of the United States government. The defendant's counsel will return the Protected Discovery to the government or certify that it has been shredded at the conclusion of the case, unless counsel believes he or she is otherwise required by ethical rule or opinion to retain the Protected Discovery. If counsel believes he or she is subject to an ethical rule or opinion requiring retention of the Protected Discovery, he or she shall notify the government of that decision and securely maintain that Protected Discovery consistent with the remaining terms of the Protective Order.

5. The defendant's counsel and the defendant shall not disclose any of the Protected Discovery directly or indirectly to any person except those assisting the defense, persons who are interviewed as potential witnesses, potential experts, or other authorized persons, during the course of the investigation and defense of this case.

6. The Protected Discovery produced by the government shall not be copied or reproduced unless the material is copied or reproduced for authorized persons to assist in the defense, and in the event copies are made, the copies shall be treated in the same manner as the original material.

7. When providing the Protected Discovery materials to an authorized person, the defendant's counsel must inform the authorized person that the materials are provided subject to the terms of this Protective Order, and provide a copy of the Protective Order. The parties agree that defense counsel, defense investigators, and support staff shall not provide the protected discovery to the defendant or any other witness or copies of the Protected Discovery, except for the limited situations identified in this Order.

8. The defendant and his counsel shall store the discovery in a secure place and shall use reasonable care to ensure that it is not disclosed to third persons in violation of the Protective Order.

9. In the event that the defendant obtains substitute counsel, the defendant's undersigned counsel agrees to withhold the Protected Discovery materials from new counsel unless and until substituted counsel agrees to be bound by the Protective Order.

10. The defendant's counsel shall be responsible for advising his or her client, employees, and other members of the defense team of the contents of this Stipulation and the Protective Order.

11. This Stipulation and the Protective Order may be executed through counterpart signatures.

IT IS SO STIPULATED.

Respectfully submitted,

Dated: February 12, 2020  McGREGOR W. SCOTT
United States Attorney

By: /s/ Christina McCall
CHRISTINA McCALL
Assistant United States Attorney

Dated: February 12, 2020  By: /s/ Megan T. Hopkins
MEGAN T. HOPKINS
Attorney for BRYAN PAUL TAMBLYN

**ORDER**

It is ordered that the parties comply with the following protective order with respect to computer materials alleged to contain child pornography:

    a. Upon request, the investigating agents shall make a duplicate copy of the defendant's hard drive(s) and any other storage media available for defense analysis;

    b. The duplicate copies of the defendant's hard drive(s) and storage media shall be made available for defense counsel, defense counsel staff, or another member of the defense team(s), and the defendant's proposed computer expert(s) to review at a designated government office, for the purpose of preparing for the defense of the above-entitled action. The images on the hard drive and storage media shall not be viewed by any other person;

    c. A private room will be provided for the defense examination. No Government agents will be inside the room during the examination, unless requested by the defense attorney or investigator or expert;

    d. The expert or defense counsel will be permitted to bring whatever equipment, books, or records he or she believes may be necessary to conduct the examination;

    e. Neither the defense expert nor defense attorneys nor the defense counsel staff shall remove the hard drive(s) or other storage media from the confines of the law enforcement office;

    f. With the exception of materials which would be considered child pornography under federal law (including visual depictions and data capable of conversion into a visual depiction), the expert or defense counsel may copy files or portions of files, provided the forensic integrity of the hard drive(s) is not altered. The expert or defense counsel will certify in writing (using the attached certification), that he or she has taken no materials which would be considered child pornography, or data capable of being converted into child pornography (under federal law), and that he or she has not caused any child pornography to be sent from the law enforcement premises by any means including by any electronic transfer of files;

    g. Except when a defense expert or defense counsel fails to provide this certification, no Government agent, or any person connected with the Government, will examine or acquire in any

fashion any of the items used by the expert or defense counsel in order to conduct the defense analysis. Should a defense expert or defense counsel fail to certify that the expert or counsel has not copied or removed child pornography, or data capable of being converted into child pornography, Government agents may then inspect or examine the materials in order to ensure that prohibited child pornography has not been removed;

      h.     When the defense indicates that it is finished with its review of the copy of the hard drive(s), the drive(s) or other storage devices shall be "wiped" clean;

      i.     Any disputes regarding the above or problems implementing this order shall be brought to the attention of the court through representative counsel after first consulting opposing counsel.

The Court has reviewed the parties' proposed Stipulation and Protective Order and, for good cause shown, HEREBY ORDERS that the parties' proposed Stipulation and Protective Order is ADOPTED and APPROVED with the above-stated terms.

IT IS SO ORDERED.

DATED: February 12, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE